Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| AIDA IVELISSE CABRERA GARCÍA<br><br>RECURRIDA<br><br>V.<br><br>LUIS ALBERTO MERCADO ROLÓN<br><br>PETICIONARIO | KLCE202400795 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Civil Núm.:<br>B DI2018-0183<br><br>Sobre:<br>Divorcio |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos, Luis Alberto Mercado Rolón (en adelante, "el peticionario"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 11 de junio de 2024 y notificada el 17 de junio de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aibonito. Mediante el referido dictamen, dicho tribunal decretó el cese de la designación de hogar seguro, solicitada por el peticionario. Sin embargo, indicó que la fecha de efectividad para ello sería el 30 de septiembre de 2024. Esto, a los fines de proteger el interés familiar, dado que, el hijo de las partes se encuentra bajo la custodia de Aida Ivelisse Cabrera García (en lo sucesivo "la recurrida").

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

### I.

El caso ante nuestra consideración tiene su origen el 15 de octubre de 2018. En la referida fecha, la recurrida presentó una "*Demanda*" a los

fines de disolver vía divorcio el vínculo matrimonial que tenía con el peticionario. En su escrito, entre otras cosas, solicitó que se declarara hogar seguro la residencia familiar, dado que, el peticionario y ella eran padres de un menor. Así las cosas, el 23 de enero de 2019, el foro recurrido dictó "*Sentencia*" declarando roto y disuelto el vínculo matrimonial que existía entre las partes. A su vez, dicho foro concedió el hogar seguro peticionado por la recurrida.

Tras varias incidencias procesales que no son pertinentes al asunto que nos ocupa, el 4 de abril de 2024, el peticionario presentó una "*Solicitud de Cese de Designación Hogar Seguro (Al Amparo del Art. 109-A del Código Civil).*" Mediante esta, informó que el hijo que tenía en común con la recurrida había advenido a la mayoría de edad. Añadió, que era un joven independiente, que trabaja a tiempo completo y no tenía alguna incapacidad física o mental. Además, sostuvo que no cursaba estudios universitarios. En virtud de lo expuesto, solicitó al foro recurrido que decretara el cese de la designación de hogar seguro.

En reacción, el 3 de junio de 2024, la recurrida presentó una "*Moción en Cumplimiento de Orden.*" En esencia, la referida parte no presentó objeción al cese de la designación de hogar seguro. No obstante, peticionó una extensión del término de la designación hasta el mes de septiembre del presente año. Ello, según sostuvo, dado que, tenía la custodia del joven de veintiún (21) años, por encontrase éste en cumplimiento de una pena por violentar la Ley para la Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, 8 LPRA, sec. 601 et. seq. Agregó, que el joven cumplía la referida pena bajo el sistema de libertad a prueba. Añadió, que como parte de las condiciones impuestas en la probatoria ella ejercía la custodia del joven dentro de la residencia familiar. Argumentó, que la extensión peticionada se debía a que la probatoria culminará en el mes de septiembre. Por lo cual, solicitó al foro recurrido que declara *Ha Lugar* su petición.

En atención a los escritos presentados, el 17 de junio de 2024, el foro recurrido notificó una "*Resolución y Orden.*" Mediante esta, dicho foro decretó el cese de la designación de hogar seguro, solicitada por el peticionario. Sin embargo, indicó que la fecha de efectividad para ello sería el 30 de septiembre de 2024. Esto, a los fines de proteger el interés familiar, dado que, el hijo de las partes se encuentra bajo la custodia de la recurrida.

Inconforme, el 16 de julio de 2024, el peticionario presentó de forma oportuna ante nos un recurso de *certiorari*. Mediante este, esbozó los siguientes señalamientos de error:

1.   Erró el Honorable Tribunal de Instancia, Sala Superior de Aibonito al declarar Con Lugar el cese de la designación de hogar seguro por haber desaparecido la causa que justifica su concesión, a la vez que dejó en suspenso la efectividad del cese sin una justificación que encuentre amparo en nuestro ordenamiento.

2.   Erró el Tribunal de Primera Instancia al conceder por un periodo determinado el derecho al hogar seguro a pesar de que no existe causa legal para justificar su concesión.

3.   Erró el Honorable Tribunal de Instancia y abusó de su discreción al reconocerle a la recurrida legitimación activa para solicitar la extensión del hogar seguro a nombre del hijo mayor de edad quien nunca compareció ante dicho foro a solicitar remedio alguno.

**II.**

**A.   *Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del certiorari "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,

establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. Íd.; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de certiorari y ejercer nuestra función revisora.

**III.**

Tras una revisión minuciosa de la totalidad del expediente ante nuestra consideración, determinamos denegar la *expedición* del auto de *certiorari* presentado.

El presente caso podría reunir los elementos esenciales para que este Foro revise sus méritos al amparo de la Regla 52.1 de Procedimiento Civil, *supra*. No obstante, al ejercer nuestra facultad discrecional, según los parámetros de la Regla 40, *supra*, determinamos que no se reúnen los criterios necesarios para intervenir con el dictamen recurrido.

**IV.**

Por los fundamentos expuestos, *denegamos* la expedición del recurso de *certiorari* presentado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones